USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/29/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JOSEPH ROGER WATKINS,                              :
                                                   :
                    Plaintiff,                     :     **ORDER**
                                                   :
       -v-                                         :     19-CV-8457 (PGG) (JLC)
                                                   :
ANTHONY T. RINALDI, LLC, *et al.*,                 :
                                                   :
                    Defendants.                    :
-----------------------------------------------------------X

**JAMES L. COTT, United States Magistrate Judge.**

The Court has reviewed defendants' letter-motion dated March 12, 2021 (Dkt. No. 46) and plaintiff's response dated March 16, 2021 (Dkt. No. 47), and does not believe a conference is necessary to resolve the issues presented. Defendants contend that plaintiff introduced evidence in violation of the Court's November 12, 2020 Order one hour before his court-ordered deposition on March 11, 2021. In that Order, the Court had put plaintiff "on notice that no mitigation documentation that ha[d] not been produced to defendants to date may be used in any motion practice or trial in this case." As a result, defendants request that the Court preclude plaintiff from offering any evidence of his efforts to mitigate his damages in a future motion or at trial. Alternatively, defendants request that the Court hold the supplemental documents that plaintiff produced on March 11 to be "inadmissible," subject plaintiff to an "adverse inference" on the issue of mitigation, and compel plaintiff to return to his one-hour deposition within 30 days. Defendants also seek the $400 cost of cancelling the deposition in light of the belated document

1

production, and the attorneys' fees associated with making their application.  It is undisputed that plaintiff produced mitigation-related documents one hour before the scheduled deposition.  Plaintiff provides no explanation in his response for this belated production.  He claims only that he did not violate the Court's Order because he "has not attempted to use the subject cover letters in any motion practice or [] trial."

An application to preclude evidence related to plaintiff's effort to mitigate is best addressed in a motion in limine as part of the pretrial submissions in the case.  Accordingly, the Court will not rule on such a request at this time.  Concomitantly, the Court will not rule that plaintiff's supplemental documents produced on March 11 are "inadmissible," without prejudice to defendants making such an application as part of any pretrial motions, or as part of summary judgment motion practice (and the same holds true with respect to the request for an adverse inference).

However, the request for plaintiff to return for his one-hour deposition is granted.  Such deposition must take place no later than **April 28**.  The costs of the deposition are to be borne by plaintiff, who is responsible for the cancellation that was, of necessity, required given the belated document production.  The $400 cancellation fee is also to be borne by plaintiff given his failure to comply with the Court's November 12 order in making a belated production.  It was entirely reasonable for defendants to cancel the deposition given the documents were produced only an hour before the deposition was scheduled to begin.  *See, e.g., Kaye v. NYC Health & Hosp. Corp.*, No. 18-CV-12137 (JPC) (JLC), 2020 WL 7237901, at

*9 (S.D.N.Y. Dec. 9, 2020) (court reporter cancellation fees awarded under Fed. R. Civ. P. 37(d)(3)).  Finally, the request for attorneys' fees for making this application is denied without prejudice to renewal at a later stage of the proceedings.

The Clerk is directed to mark Docket No. 46 "granted in part and denied in part."

**SO ORDERED.**

Dated: March 29, 2021
      New York, New York

_____
JAMES L. COTT
United States Magistrate Judge