UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEPH ROGER WATKINS,

                Plaintiff,

- against -

ANTHONY T. RINALDI, L.L.C.,
THE RINALDI GROUP L.L.C., and
ANTHONY RINALDI,

                Defendants.

**ORDER**

19 Civ. 8457 (PGG) (JLC)

PAUL G. GARDEPHE, U.S.D.J.:

      Plaintiff Joseph Watkins alleges that his employers – Defendants Anthony T. Rinaldi, L.L.C., the Rinaldi Group L.L.C., and Anthony Rinaldi – fired him because he had been diagnosed with cancer. The Complaint asserts claims under the Americans with Disabilities Act ("ADA"), the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL"). (Cmplt. (Dkt. No. 1))[1]

      On May 16, 2022, Defendants moved for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure. (Dkt. No. 75) This Court referred the motion to Magistrate Judge Cott for a Report and Recommendation ("R&R"). (Dkt. No. 91) On June 23, 2023, Judge Cott issued a thorough, 36-page R&R recommending that the motion be granted. (Dkt. No. 93) The parties have not objected to the R&R.

      As set forth below, the R&R will be adopted in part, and Defendants' motion for summary judgment will be granted.

---

[1] Plaintiff has withdrawn his age discrimination claims. (Pltf. Opp. (Dkt. No. 90-1) at 23 ("Plaintiff hereby withdraws his age discrimination [claims].")) Accordingly, those claims are dismissed.

## BACKGROUND

I. **FACTS**

The R&R provides the following factual background, to which no party has objected.[2]

Watkins worked as a senior project manager for Defendant Anthony Rinaldi's eponymous construction company, and in that capacity was assigned to projects on Clinton Street and Water Street in lower Manhattan. "In his role as senior project manager, Watkins was required to prepare a monthly statistical report ('Monthly Report'), write scopes of work ('Scopes'[ or 'scope sheets']), help put together contracts, prepare leveling sheets, monitor and respond to daily issues on the project from company staff and contractors, coordinate with the various trades working on the project, and directly manage those operating day-to-day on the project." (R&R (Dkt. No. 93) at 3 (quotation omitted))[3]

"[S]oon after [Watkins] joined the 120 Water Street Project, numerous performance issues emerged." (Id. at 3-4 (quotation omitted))  Among other things,

- Watkins routinely arrived at the job site up to two hours late;

- Rinaldi concluded that Watkins was submitting others' written work on his own, and Watkins' immediate supervisor complained to Watkins that he was routinely late in sending in "scope sheets";

---

[2] Because the parties have not objected to Judge Cott's factual statement, this Court adopts it in full. See Silverman v. 3D Total Solutions, Inc., No. 18 CIV. 10231 (AT), 2020 WL 1285049, at *1 n.1 (S.D.N.Y. Mar. 18, 2020) ("Because the parties have not objected to the R&R's characterization of the background facts . . . , the Court adopts the R&R's 'Background' section and takes the facts characterized therein as true."); Hafford v. Aetna Life Ins. Co., No. 16-CV-4425 (VEC)(SN), 2017 WL 4083580, at *1 (S.D.N.Y. Sept. 13, 2017) ("The parties do not object to the Magistrate Judge's . . . recitation of the facts of this case, and the Court adopts them in full.").

[3] The page numbers of documents referenced in this Order correspond to the page numbers designated by this District's Electronic Case Files ("ECF") system.

- Watkins "had trouble interacting with coworkers," including calling the representative of a "potential partner" "stupid" in front of that "potential partner";

- Rinaldi wrote a long email to all Water Street staff members threatening to fire Watkins for "disregard[ing], disrespect[ing], and completely ignor[ing]" a member of the safety staff; and

- the "designated point of contact for the realty group partnering with [Rinaldi on] the Water Street project" spoke with Rinaldi repeatedly about removing Watkins from the project.

(Id. at 3-10 (quotations omitted))

On October 2, 2018, Watkins was diagnosed with cancer. The morning of that same day, Rinaldi told Stephen Handlik, the assistant project manager and superintendent for the Water Street project, "'that he was planning to terminate Watkins later that afternoon.'" (Id. at 11 & n.14 (quoting Handlik Decl. (Dkt. No. 88) ¶ 17))[4]

Later that day, Watkins and Rinaldi met near the office of the realty group working on the Water Street Project, and Rinaldi terminated Watkins' employment. In their declarations, the two men provide very different descriptions of this meeting.

According to Rinaldi,

[he] asked [Watkins] how the meeting went [with a realty group earlier that day,] and then told him that he would be terminated as of October 5, 2018. (He no longer needed to come to the 120 Water Street Project, but [the team] needed him for an appearance in a[ ] . . . proceeding later the same week.) Immediately after [Rinaldi] told Watkins that he was terminated, [Watkins] revealed that he was diagnosed with cancer earlier the same day. [Rinaldi] felt bad for him, so [he] told him that [he] would keep him on the Company's insurance after his termination, which is what the company ultimately did.

---

[4] The R&R states that "the aforementioned statement [by Rinaldi to Handlik] is inadmissible hearsay and should therefore not be considered." (R&R (Dkt. No. 93) at 11 n.14) Rinaldi's statement is admissible under the state-of-mind exception to the hearsay rule, however. See Fed. R. Evid. 803(3); Gold v. Titlevest Agency LLC, No. 18-CV-935 (AJN), 2020 WL 2835570, at *3 n.1 (S.D.N.Y 2020) (finding that an "[employer's] recollection of his discussion with [an employee] regarding the elimination of Plaintiff's position . . . [was] admissible under the state of mind exception to the prohibition on hearsay").

3

(Rinaldi Decl. (Dkt. No. 78) ¶ 65)

According to Watkins,

> Rinaldi asked [Watkins] how the meeting went, and [Watkins] briefly gave him an update. After giving him an update . . . [Watkins] said, "you know, by the way, I got to tell you that I got some unpleasant information this morning when I went to the hospital." [He] then stated . . . "I have Kidney Cancer" . . . [and] showed Mr. Rinaldi a picture on [his] phone that depicted the scan showing the tumor in [his] kidney. The conversation continued as follows:
>
> Mr. Rinaldi: Wow, I'm sorry to hear that.
>
> Watkins: I need an operation right away.
>
> Mr. Rinaldi: How long do you think you'll be out?
>
> Watkins: Six to eight weeks, maybe a little longer.
>
> Mr. Rinaldi: Well, I gotta let you go. I could not afford you to take that sick time. I have to terminate your employment.

(Watkins Decl. (Dkt. No. 90-1) ¶ 39)

## II.   THE R&R'S CONCLUSION THAT DEFENDANTS ARE ENTITLED TO SUMMARY JUDGMENT

Judge Cott sets out the standard for a plaintiff to make out a prima facie case of disability discrimination under the ADA and the NYSHRL: "'To set forth a prima facie case of disability discrimination based on an adverse employment action, a plaintiff must demonstrate by a preponderance of the evidence that (1) his employer is subject to the ADA; (2) he was disabled within the meaning of the ADA; (3) he was otherwise qualified to perform the essential functions of his job, with or without reasonable accommodation; and (4) he suffered [an] adverse employment action because of his disability.'" (R&R (Dkt. No. 93) at 20 (quoting Piligian v.

4

Icahn School of Medicine at Mount Sinai, 490 F. Supp. 3d 707, 716-17 (S.D.N.Y. 2020) (internal quotation marks and alterations omitted))[5]

After setting forth the standard, Judge Cott concludes that (1) "Watkins was not otherwise qualified to perform the essential functions of his position" – due to his chronic tardiness, failure to complete required reports, and repeated conflicts with co-workers; and (2) "Watkins was not terminated because of his disability," because "other than [Watkins'] own testimony, the evidence is undisputed that Rinaldi made the decision [to fire Watkins] prior to learning of [Watkins' diagnosis]." (R&R (Dkt. No. 93) at 19-29 (capitalization altered))

The portion of the R&R regarding the "otherwise qualified" prong of Plaintiff's prima facie case cites to factually on-point case law from this circuit. (Id. at 23-24 (citing Francis v. Wyckoff Heights Medical Center, 177 F. Supp. 3d 754, 768-69 (E.D.N.Y. 2016) (plaintiff was not "otherwise qualified" because of the "extensive and well documented record of her absenteeism"); Maysonet v. Valley Nat'l Bank, No. 17-CV-3939 (RJS), 2019 WL 1368327, at *4 (S.D.N.Y. Mar. 25, 2019) ("Courts generally agree that some degree of regular, predictable attendance is fundamental to most jobs.")))

Judge Cott then notes that this Court may decline to exercise supplemental jurisdiction over Watkins' remaining state and city law claims – discriminatory discharge and vicarious liability under the NYCHRL, and aiding and abetting under both the NYSHRL and NYCHRL. Judge Cott finds that, in any event, summary judgment is warranted as to those claims as well. (Id. at 30-35 & nn.23-24)

---

[5] Plaintiff's ADA and NYSHRL claims – which are based on 2018 conduct – are "analyzed under the same standard." Piligian, 490 F. Supp. 3d at 716.

28 U.S.C. § 636(b)(1)(C) provides that, "[w]ithin fourteen days after being served with a copy, any party may serve and file written objections to [a magistrate judge's] proposed findings and recommendations. . . ." 28 U.S.C. § 636(b)(1); see also Fed. R. Civ. P. 72(b)(2) ("Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.").

Moreover, in the R&R, Judge Cott advises the parties that they

> have fourteen (14) days (including weekends and holidays) from service of this Report and Recommendation to file written objections. . . . **FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.**

(R&R (Dkt No. 93) at 35-36 (citing 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6 and 72(b); Thomas v. Arn, 474 U.S. 140 (1985); and Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010)) (emphasis in original))

No party has filed objections to Magistrate Judge Cott's R&R.

### DISCUSSION

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a timely objection has been made to a magistrate judge's R&R, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id.

Where, as here, no party filed objections to the R&R – despite clear warning that a failure to file objections would result in a waiver of judicial review (see R&R (Dkt. No. 93) at 36) – judicial review has been waived. See DeLeon v. Strack, 234 F.3d 84, 86 (2d Cir. 2000) (a "party generally waives judicial review of an issue when he or she fails to make timely objection to a magistrate judge's report, as long as all parties receive clear notice of the consequences of

6

their failure to object" (citing Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989)); see also McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir. 1983) ("When a party fails to object timely to a magistrate's recommended decision, it waives any right to further judicial review of that decision.").

This rule is non-jurisdictional, however, and because "its violation may be excused in the interests of justice," DeLeon, 234 F.3d at 86 (citing Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993)), this Court has considered whether there is any "'clear error on the face of the record'" that precludes acceptance of the magistrate judge's recommendation. Wingate v. Bloomberg, No. 11 Civ. 188 (JPO), 2011 WL 5106009, at *1 (S.D.N.Y. Oct. 27, 2011) (quoting Fed. R. Civ. P. 72(b) advisory committee note; citing Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985) ("To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record.")).

This Court has reviewed Judge Cott's R&R and has determined that it is free of any clear error to the extent that it finds Watkins has not made out a prima facie case of disability discrimination under the ADA and the NYSHRL because he was not otherwise qualified for his position. Accordingly, Defendants' motion for summary judgment will be granted as to those claims.[6] See Cleveland v. Pol'y Mgmt. Sys. Corp., 526 U.S. 795, 805-06 (1999) ("Summary judgment for a defendant is appropriate when the plaintiff 'fails to make a showing sufficient to

---

[6] Because Watkins has not established a primary violation under the NYSHRL, his aiding and abetting claim under the NYSHRL fails as well. See Bliss v. MXK Rest. Corp., 220 F. Supp. 3d 419, 426 (S.D.N.Y. 2016) ("'[W]here no violation of the Human Rights Law by another party has been established, an individual employee cannot be held liable for aiding or abetting such a violation.'") (quoting Strauss v. N. Y. State Dept. of Education, 26 A.D.3d 67, 73 (3d Dept. 2005)) (internal alteration omitted).

7

establish the existence of an element essential to [his or her] case, and on which [he or she] will bear the burden of proof at trial.' An ADA plaintiff bears the burden of proving that she is a 'qualified individual with a disability' – that is, a person 'who, with or without reasonable accommodation, can perform the essential functions' of [his or] her job.") (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); and 42 U.S.C. § 12111(8)).[7]

"'[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point toward declining to exercise jurisdiction over the remaining state-law claims.'" Sefovic v. Mem'l Sloan Kettering Cancer Ctr., 2017 WL 3668845, at *8 (S.D.N.Y. Aug. 23, 2017) (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988)). There is no reason to vary from this rule here. Accordingly, this Court will not exercise supplemental jurisdiction over Plaintiff's remaining NYCHRL claims.

---

[7] Were it necessary to reach the causation element of Plaintiff's prima facie case, this Court would not adopt the R&R's finding as to that element, because Watkins' statement in his declaration that Rinaldi told him that he was being fired because of his cancer diagnosis creates a material issue of fact as to causation.

## **CONCLUSION**

Judge Cott's R&R (Dkt. No. 93) is adopted in part as set forth above, and Defendants' motion for summary judgment is granted as to Plaintiff's ADA and NYSHRL claims. The Clerk of Court is directed to terminate the motion (Dkt. No. 75), enter judgment for Defendants on Plaintiff's ADA and NYSHRL claims, dismiss Plaintiff's NYCHRL claims without prejudice, and close this case.

Dated: New York, New York
       September 11, 2023

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge